UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

| | | |
|---|---|---|
| BAYSTATE HEALTH, INC., | ) | |
| | ) | Civil Action No. 3:20-cv-30042-MGM |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| BAY STATE PHYSICAL THERAPY, P.C., | ) | |
| BAY STATE PHYSICAL THERAPY OF | ) | MOTION FOR PRELIMINARY |
| RANDOLPH, INC., & STEVEN WINDWER, | ) | INJUNCTION |
| | ) | |
| Defendants. | ) | |

Plaintiff Baystate Health, Inc. ("Baystate" or "Plaintiff") moves, pursuant to Fed. R. Civ. P. 65 and the Lanham Act, for the issuance of a preliminary injunction enjoining defendants Bay State Physical Therapy, P.C., Bay State Physical Therapy of Randolph, Inc. and the company's CEO, Steven Windwer (together, "BSPT") from using the BAY STATE trademark, alone or in combination with "Physical Therapy" or any other term to designate its health care-related services in Springfield, Massachusetts and any county west of Worcester County going forward.

Because Baystate has been using the BAYSTATE mark in Western New England to designate its health care services for more than forty years, because BAYSTATE is a strong, incontestable and regionally famous mark that is immediately connected in the minds of consumers with a specific source of quality health care services, and because consumers of rehabilitative and physical therapy services in Springfield, Massachusetts are already exhibiting actual confusion as to the origin of the services offered under BSPT's mark, Baystate is likely to succeed on the merits of its claims against BSPT under the common law and the Lanham Act.

For these reasons, which are set forth in more detail in the memorandum accompanying this motion, and because the resultant consumer confusion will continue to irreparably harm Baystate, the Court should enter a preliminary injunction restraining BSPT from use of the trademark BAY STATE (or any variant thereof) in Springfield, Massachusetts or any county in the Commonwealth west of Worcester County.

                RESPECTFULLY SUBMITTED

                PLAINTIFF,
                BAYSTATE HEALTH, INC.
                By Its Attorneys,

                */s/ Mary R. Bonzagni*
                Mary R. Bonzagni, Esq. (BBO # 553771)
                James C. Duda, Esq. (BBO # 551207)
                Lauren C. Ostberg, Esq. (BBO # 696883)
                Bulkley, Richardson and Gelinas, LLP
                1500 Main Street, Suite 2700
                Springfield, MA 01115-5507
                Tel. (413) 272-6286
Dated: April 2, 2020        mbonzagni@bulkley.com
                jduda@bulkley.com
                lostberg@bulkley.com

## RULE 7.1 CERTIFICATION

Pursuant to Local Rule 7.1(A)(2), Plaintiff's counsel hereby certifies that counsel for Plaintiff communicated with counsel for Defendants to attempt in good faith to resolve or narrow the issues in this Motion but were unable to do so.

*/s/ Mary R. Bonzagni*
Mary R. Bonzagni

## CERTIFICATE OF SERVICE

I hereby certify that this document, filed through the ECF system on April 2, 2020, will be sent electronically to all registered participants as identified on the Notice of Electronic Filing ("NEF") and paper copies will be sent to those indicated as non-registered participants on the date of its filing.

*/s/ Lauren C. Ostberg*
Lauren C. Ostberg

3234027v2